[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16047
Non-Argument Calendar

_____

D.C. Docket No. 0:16-cr-60093-WPD-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCO CANASTILLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 31, 2017)

Before HULL, MARCUS, and MARTIN, Circuit Judges.

PER CURIAM:

Marco Canastillo appeals his 63-month sentence. The district court imposed

this sentence after Canastillo pled guilty to conspiracy to possess with intent to

distribute 500 grams or more of methamphetamine under 21 U.S.C. § 846.

Canastillo argues his sentence was substantively unreasonable.  After careful review, we affirm the district court.

## I.

Canastillo pled guilty to conspiring to possess with intent to distribute 2,240 grams of a substance containing 98.1% pure methamphetamine.  Along with his plea, Canastillo admitted to the following facts: Canastillo and a codefendant, acting as couriers, delivered methamphetamine from Arizona to an undercover detective in Florida.  Canastillo was an assistant to this codefendant.  Canastillo said he was going to be paid $1,000 for the deal.

The Presentence Investigation Report ("PSR") calculated Canastillo's total offense level as 26 under the United States Sentencing Guidelines.  This calculation included a reduction for Canastillo's minor role in his crime.  The PSR also set out that Canastillo had a criminal history category of I.  Thus, the PSR concluded Canastillo's guideline imprisonment range was 63 to 78 months.

At sentencing, Canastillo made no objections to the PSR's calculations.  But Canastillo asked the district court for a downward variance to 41-months imprisonment.  To support his request, Canastillo highlighted his minor role as an assistant courier in the crime; the nonviolent nature of his crime; and his lowest criminal history category.  He also emphasized his difficult upbringing in Mexico,

where he was born into poverty and had to work during the day while attending school at night.

In imposing the sentence, the district court said it considered the sentencing factors from 18 U.S.C. § 3553(a). The court noted that Canastillo's background was a mitigating circumstance, but found that a sentence within the guideline range would better deter future crimes. The court then sentenced Canastillo to 63-months imprisonment. Canastillo objected at sentencing that his sentence was substantively unreasonable. This appeal followed.

## II.

We review for an abuse of discretion the substantive reasonableness of a district court's sentence. United States v. Irey, 612 F.3d 1160, 1188 (11th Cir. 2010) (en banc). A district court "imposes a substantively unreasonable sentence only when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." United States v. Rosales-Bruno, 789 F.3d 1249, 1256 (11th Cir. 2015) (quotation omitted).

18 U.S.C. § 3553(a) sets out the factors that a district court must consider at sentencing. Irey, 612 F.3d at 1189. Canastillo argues on appeal the district court did not properly weigh: (1) his history and characteristics; (2) the nature and circumstances of his crime; (3) adequate deterrence; and (4) just punishment. 18

3

U.S.C. §§ 3553(a)(1), (2)(A), & (2)(B).  Specifically, Canastillo says he had a minor role in the crime; he was not likely to reoffend based on his lack of criminal history; and he committed a nonviolent offense.  He also noted his difficult upbringing in Mexico, where he was born into poverty and had to work while attending school.  Canastillo argues the district court "simply deferred" to the Guidelines and did not take these mitigating circumstances into account.

However, the record shows the district court did consider all the § 3553(a) factors.  It also considered Canastillo's background a mitigating circumstance.  The court balanced Canastillo's mitigating circumstances with the other § 3553(a) factors, including its view that a downward departure from the guideline range would not properly deter future crimes.  The court sentenced Canastillo at the low end of his guideline range.  On this record we cannot say the district court abused its discretion.  See Rosales-Bruno, 789 F.3d at 1254–55.  We therefore affirm the district court.

**AFFIRMED.**